CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
AUG 0 7 2009
JOHN F. CORCORAN, CLERK
BY: S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DONNA M. ROBERTSON, ) | |
| ) | Civil Action No. 5:09CV00005 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Donna Marie Robertson, was born on June 29, 1949, and eventually completed her high school education. Mrs. Robertson also attended a Bible college for three years, where she received a degree in theology. Plaintiff has worked as an administrative secretary in a nursing home, secretary, teacher, and librarian. She last worked on a regular and sustained basis in 1990. On May 26, 2005, Mrs. Robertson filed an application for a period of

disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on January 1, 1997 due to bipolar disorder and fibromyalgia. Mrs. Robertson now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act through the fourth quarter of 1999, but not thereafter. See, gen., 42 U.S.C. § 423. Consequently, Mrs. Robertson is entitled to a period of disability and disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before December 31, 1999. See, gen., 42 U.S.C. § 423.

Mrs. Robertson's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated June 25, 2007, the Law Judge also determined that plaintiff was not disabled prior to the termination of insured status. The Law Judge found that, while plaintiff was treated for bipolar disorder in February of 2000, she did not experience any severe physical, mental, or emotional problems on or before December 31, 1999. Accordingly, the Law Judge ultimately concluded that Mrs. Robertson was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(c). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Robertson has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in

2

Case 5:09-cv-00005-GEC   Document 21   Filed 08/07/09   Page 2 of 8   Pageid#: 64

making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. As noted by the Administrative Law Judge, no medical record was developed prior to the termination of insured status. While Mrs. Robertson was hospitalized with a diagnosis of bipolar disorder in February of 2000, the medical evidence confirms that Mrs. Robertson's condition stabilized with treatment, and that she has not suffered from disabling emotional symptoms until a much later point in time. The court finds substantial evidence to support the Law Judge's determination that, prior to the termination of her insured status on December 31, 1999, Mrs. Robertson did not experience any psychiatric impairments of such severity and duration as to constitute or contribute to a disability within the meaning of the Social Security Act. See 42 U.S.C. § 423(d)(1). It follows that the Commissioner's final decision in this case must be affirmed.

On appeal to this court, plaintiff argues that inasmuch as the Administrative Law Judge found that Mrs. Robertson experienced some measure of psychiatric dysfunction within a few weeks following termination of her insured status, it was incumbent upon the Law Judge to develop the record so as to determine the extent of such problems prior to January 1, 2000. More to the point, citing Grant v. Schweicker, 699 F.2d 189 (4th Cir. 1983), plaintiff contends that the Administrative Law Judge should have questioned a vocational expert as to the functional impact

3

of the bipolar disorder. The court is unable to agree. In Grant, the United States Court of Appeals for the Fourth Circuit held that if a claimant suffers from emotional problems which contribute to disability for past relevant work, it is necessary for the Commissioner to obtain input from a vocational expert in assessing the claimant's capacity to perform alternate work roles under the fifth and final step of the sequential disability analysis set forth under 20 C.F.R. § 404.1520(g). In Mrs. Robertson's case, the Administrative Law Judge decided the matter at the second step of the sequential analysis, holding that plaintiff did not experience a severe impairment during the period in which she still enjoyed insured status, much less an impairment which rendered her disabled for past relevant work. See 20 C.F.R. §§ 404.1520(c) and 1521. It is well established that input from a vocational expert becomes relevant when it is necessary to assess the requirements of a claimant's past relevant work, or in determining whether a claimant's residual functional capacity is such as to permit performance of alternate work roles. 20 C.F.R. § 404.1560; see also Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975). In other words, the rule in Grant does not apply in the instant case.

Plaintiff also argues that the Administrative Law Judge should have developed the record and obtained more precise information from a medical advisor in determining exactly when in time her bipolar disorder began to affect her ability to perform substantial gainful activity. Plaintiff cites Manning v. Bowen, 717 F.Supp. 429 (W.D.Va. 1989) for the proposition that when the onset date for a physical or mental condition is ambiguous, it is necessary for the Commissioner to receive testimony from a medical advisor in establishing an appropriate onset date. See also Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995) (if the evidence of onset of disability is ambiguous, Social Security Ruling 83-20 requires the assistance of a medical advisor in order

4

to properly establish the date of disability onset). However, the court concludes that this line of cases does not apply in Mrs. Robertson's situation. In both Manning and Bailey, it was essentially undisputed that the claimant had become disabled for all forms of work at some unspecified time, and that remand was necessary so as to resolve any ambiguity as to the date of disability onset. As noted above, in Mrs. Robertson's case, the record supports the Commissioner's finding that plaintiff's exertional and nonexertional impairments did not render her disabled for all forms of substantial gainful activity for purposes of her application for a period of disability and disability insurance benefits. Stated differently, there are no relevant issues concerning any date of disability onset in Mrs. Robertson's case.

Following oral argument in this case, plaintiff submitted a supplemental memorandum in support of her opposition to the defendant's motion for summary judgment. In the supplemental memorandum, plaintiff argues that there is not substantial evidence to support the Administrative Law Judge's finding that she did not suffer from a severe impairment prior to January 1, 2000. Plaintiff contends that, because her doctors found it necessary to hospitalize her for treatment of bipolar disorder in February of 2000, it stands to reason that she experienced at least a severe psychiatric impairment prior to the termination of her insured status. Plaintiff again asserts that, because she experienced some measure of psychiatric dysfunction prior to the termination of her insured status, the Administrative Law Judge should have procured input from a medical advisor or vocational expert in determining the impact of the condition on her capacity for substantial gainful activity.

The court notes that there is some support in the medical record for plaintiff's argument that she began to experience mental health symptoms prior to the date of her hospitalization on

5

February 19, 2000. In the discharge summary from that hospitalization, it is noted that Mrs. Robertson had been experiencing symptoms of depression for several months prior to the hospitalization. (TR 133). On the other hand, the same report indicates that she had noted a reduction of concentration and inability to sleep "during the previous several weeks," and that her family doctor had first prescribed psychiatric medication "about one week" prior to the first mental health evaluation in early February of 2000. (TR 133). In any event, in finding that Mrs. Robertson did not experience a severe impairment prior to the termination of insured status, the Administrative Law Judge focused on the facts that plaintiff had not received medical attention for any psychiatric problems prior to January 1, 2000, and that following the hospitalization in February of 2000, the medical record does not reflect additional treatment for psychiatric symptoms until several years later. Based on the medical record, the Law Judge held that there was no specific indication that Mrs. Robertson's condition was any different in the months prior to the termination of insured status than during the period in which she was still productively employed. The Law Judge interpreted the hospital discharge summary from February of 2000 to indicate that plaintiff's psychiatric symptoms were transitory, and subject to reasonable medical control. The Commissioner cites the lack of need for any follow-up psychiatric treatment after the period of hospitalization as supportive of the Law Judge's assessment. The court is constrained to conclude that there is substantial evidence to support the Law Judge's interpretation of the evidence in this case.

Finally, plaintiff has submitted a motion for remand of her case, pursuant to the decision of the United States Court of Appeals for the Fourth Circuit in <u>Borders v. Heckler</u>, 777 F.2d 954 (4th Cir. 1985). While <u>Borders</u> is often cited in cases in which a claimant seeks remand based

on the existence of new medical evidence, Mrs. Robertson has tendered no new evidence to this court. Instead, plaintiff again cites the absence of expert testimony as a basis for remand. For the reasons stated above, the court remains of the opinion that this argument is without merit.

Based on the foregoing analysis, the court concludes that the Commissioner's final decision is supported by substantial evidence. Thus, the Commissioner's final decision must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mrs. Robertson was free of all emotional problems prior to the termination of her insured status. Indeed, the lay testimony confirms that plaintiff had begun to experience symptoms even before January 1, 2000. However, it must again be noted that Mrs. Robertson did not find it necessary to seek medical treatment until a time after her insured status had expired. Even at that point in time, the medical reports indicate that plaintiff enjoyed a good response to conservative treatment measures. It was not until several years later that her symptoms became more entrenched. It must be recognized that the inability to do work without any subjective complaints does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). The court believes that the Administrative Law Judge considered all of the evidence in this case, including the lay testimony submitted by plaintiff, in denying the claim for benefits. The court concludes that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to

7

be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 7th day of August, 2009.

*/s/ Glen Conrad*
United States District Judge